IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-184

 No. COA20-718

 Filed 4 May 2021

 Watauga County, No. 13 CRS 51810

 STATE OF NORTH CAROLINA

 v.

 WILBERT HENDRICKS

 Appeal by Defendant from Judgment entered 10 March 2020 by Judge Gary

 M. Gavenus in Watauga County Superior Court. Heard in the Court of Appeals 14

 April 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Zachary K.
 Dunn, for the State.

 Mary McCullers Reece for defendant-appellant.

 HAMPSON, Judge.

 Factual and Procedural Background

¶1 Wilbert Hendricks (Defendant) appeals from the trial court’s Judgment and

 Commitment upon Revocation of Probation entered 10 March 2020 activating

 Defendant’s 29- to 47-month suspended sentence. The Record reflects the following:

¶2 On 2 December 2013, a Watauga County Grand Jury indicted Defendant on

 one count of Aggravated Felony Serious Injury by Vehicle. As evidenced by

 Defendant’s Transcript of Plea, Defendant pled guilty to one count each of:
 STATE V. HENDRICKS

 2021-NCCOA-184

 Opinion of the Court

 Aggravated Felony Serious Injury by Vehicle (13 CRS 51810); Driving While

 Impaired (13 CRS 51807); and Injury to Real Property (13 CRS 51809). The trial

 court entered Judgment Suspending Sentence imposing a suspended 29- to 47-month

 active sentence and a 60-month period of supervised probation. The trial court did

 not check box 3 on the Judgment form indicating the period of probation was to begin

 after Defendant was released from incarceration, but the trial court did note on the

 form that Defendant’s probation was to be “stayed until defendant is released from

 custody.” The trial court further imposed an active sentence of 330 days as conditions

 of special probation pursuant to N.C. Gen. Stat. § 15A-1351.

¶3 Defendant began his active sentence in 13 CRS 51810 on 7 October 2014 and

 then served a brief 26-day sentence for Misdemeanor Injury to Real Property.

 Defendant began his supervised probation on 28 September 2015. Defendant’s

 probation officer filed probation violation reports on 23 January 2020, 5 February

 2020, and 25 February 2020. Defendant’s probation revocation hearing came on for

 trial on 10 March 2020. After receiving evidence and testimony, the trial court found

 Defendant willfully violated the terms of his probation—the trial court revoked

 Defendant’s probation and activated his suspended sentence. Defendant gave oral

 Notice of Appeal in open court. That same day, the trial court entered Judgment and

 Commitment upon Revocation of Probation revoking Defendant’s probation and

 activating his suspended 29- to 47-month suspended sentence.
 STATE V. HENDRICKS

 2021-NCCOA-184

 Opinion of the Court

 Issue

¶4 The issue on appeal is whether the Superior Court lacked subject-matter

 jurisdiction to revoke Defendant’s probation because Defendant’s probation officer

 filed violation reports after the probationary period expired.

 Analysis

¶5 Defendant argues the trial court lacked subject-matter jurisdiction to revoke

 his probation because the probation period, as imposed, had already expired. The

 State agrees and so do we.

¶6 “A trial court must have subject matter jurisdiction over a case in order to act

 in that case.” State v. Reinhardt, 183 N.C. App. 291, 292, 644 S.E.2d 26, 27 (2007)

 (citation omitted). “Except as provided in N.C. Gen. Stat. § 15A-1344(f), a trial court

 lacks jurisdiction to revoke a defendant’s probation after the expiration of the

 probationary term.” Id. at 293, 644 S.E.2d at 27 (citation omitted). “[T]he issue of a

 court’s jurisdiction over a matter may be raised at any time, even for the first time on

 appeal or by a court sua sponte.” State v. Webber, 190 N.C. App. 649, 650, 660 S.E.2d

 621, 622 (2008) (citation omitted). Whether the trial court had subject-matter

 jurisdiction per our General Statutes is an issue requiring this Court to conduct a

 statutory analysis, and, thus, a de novo review. State v. Satanek, 190 N.C. App. 653,

 656, 660 S.E.2d 623, 625 (2008) (citation omitted).

¶7 N.C. Gen. Stat. § 15A-1344(f) provides:
 STATE V. HENDRICKS

 2021-NCCOA-184

 Opinion of the Court

 The court may extend, modify, or revoke probation after the
 expiration of the period of probation if all of the following apply:

 (1) Before the expiration of the period of probation the State has
 filed a written violation report with the clerk indicating its intent
 to conduct a hearing on one or more violations of one or more
 conditions of probation.

 (2) The court finds that the probationer did violate one or more
 conditions of probation prior to the expiration of the period of
 probation.

 (3) The court finds for good cause shown and stated that the
 probation should be extended, modified, or revoked.

 (4) If the court opts to extend the period of probation, the court
 may extend the period of probation up to the maximum allowed
 under G.S. 15A-1342(a).

 N.C. Gen. Stat. § 15A-1344(f) (2019).

¶8 As to special probation, N.C. Gen. Stat. § 15A-1351 provides:

 The original period of probation, including the period of
 imprisonment required for special probation, shall be as specified
 in G.S. 15A-1343.2(d), but may not exceed a maximum of five years,
 except as provided by G.S. 15A-1342(a). The court may revoke,
 modify, or terminate special probation as otherwise provided for
 probationary sentences.

 N.C. Gen. Stat. § 15A-1351(a) (2019) (emphasis added). N.C. Gen. Stat. § 15A-1342

 allows for extending probation with the defendant’s consent:

 beyond the original [probationary] period (i) for the purpose of
 allowing the defendant to complete a program of restitution, or
 (ii) to allow the defendant to continue medical or psychiatric
 treatment ordered as a condition of the probation. The period of
 extension shall not exceed three years beyond the original period
 STATE V. HENDRICKS

 2021-NCCOA-184

 Opinion of the Court

 of probation. The special extension authorized herein may be
 ordered only in the last six months of the original period of
 probation. Any probationary judgment form provided to a
 defendant on supervised probation shall state that probation may
 be extended pursuant to this subsection.

 N.C. Gen. Stat. § 15A-1342(a) (2019).

¶9 Here, the trial court originally sentenced Defendant to an intermediate

 punishment of special probation for 60 months, including an active sentence of 330

 days. Therefore, under N.C. Gen. Stat. § 15A-1351(a), Defendant’s total probationary

 period included his 330-day active sentence. Defendant began serving his active

 sentences on 7 October 2014. Thus, at the latest, Defendant’s probationary period

 began on 3 November 2014, after Defendant served his 26-day sentence for

 Misdemeanor Injury to Real Property. As such, Defendant’s 60-month probationary

 period would have ended, at the latest, on 3 November 2019. Because Defendant’s

 probation officer did not file violation reports until 23 January 2020 at the earliest,

 the violation reports were not filed before Defendant’s probationary period had ended

 pursuant to N.C. Gen. Stat. § 15A-1344(f). Consequently, the trial court lacked

 subject-matter jurisdiction to revoke Defendant’s probation and activate his

 suspended sentence. Reinhardt, 183 N.C. App. at 293, 644 S.E.2d at 27. Therefore,

 we vacate the trial court’s Judgment and Commitment upon Revocation of Probation.

 State v. Tincher, 266 N.C. App. 393, 398, 831 S.E.2d 859, 863 (2019).

 Conclusion
 STATE V. HENDRICKS

 2021-NCCOA-184

 Opinion of the Court

¶ 10 Accordingly, for the foregoing reasons, we conclude the trial court lacked

 subject-matter jurisdiction to revoke Defendant’s probation; thus, we vacate the

 Judgment and Commitment upon Revocation of Probation.

 VACATED.

 Judges DIETZ and ZACHARY concur.